# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RAY STOLL and HEIDI IMHOF,

    Plaintiffs,

v.                                                  Case No: 8:20-cv-1798-CEH-AAS

MUSCULOSKELETAL INSTITUTE,
CHARTERED,

    Defendant.
_____/

## ORDER

This matter comes before the Court upon Defendant's Motion to Stay [Doc. 55], Plaintiff's response in Opposition [Doc. 60], Defendant's Notice of Supplemental Authority [Doc. 64], and Defendant's Reply in Support of its Motion to Stay [Doc. 73]. Defendant seeks a stay of this action pending the United States Supreme Court's review of a ruling on standing issued by the Ninth Circuit Court of Appeals, and the Eleventh Circuit Court of Appeals review of a decision as to standing issued by this Court. [Doc. 55 at p. 1]. The Court, having considered the submissions and being fully advised in the premises, will **GRANT** Defendant's Motion to Stay.

### Background

Plaintiffs Ray Stoll and Heidi Imhoff filed this class action on June 30, 2020, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and it was removed to this Court by Defendant Musculoskeletal Institute Chartered on August 3, 2020. [Docs. 1, 1-1]. Plaintiffs allege that on or about April 9,

2020, Defendant experienced a ransomware attack which resulted in exposure of sensitive and private personally identifiable information (PII) of at least 100,000 patients, and potentially in excess of 150,000 patients of Defendant. [Doc. 1-1 ¶ 2]. They further allege that they were customers and patients of Defendant, and their PII was disclosed as a result of the data disclosure. *Id.* ¶ 11. According to the complaint, the data disclosure resulted from Defendant's failure to implement and follow basic security procedures as well as contractually-agreed upon, federally-prescribed, industry standard security procedures. *Id.* ¶¶ 3, 4. The claims against Defendant include (i) negligence, (ii) invasion of privacy, (iii) breach of implied contract, (iv) negligence *per se*, (v) unjust enrichment, (vi) breach of fiduciary duty, (vii) violation of Florida's Deceptive and Unfair Trade Practices Act, and (viii) breach of confidence. *Id.* ¶¶ 91-217.

Defendant moved to dismiss six of the eight counts, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] [Doc. 14 at p. 1]. Defendant subsequently moved to stay the case, pending the Eleventh Circuit decision on standing in data-breach class action cases and the Supreme Court's review of class certification. [Doc. 55 at pp. 1-2]. The Supreme Court will consider the Ninth Circuit's split decision in *Ramirez v. TransUnion LLC*, 951 F.3d 1008 (9th Cir. 2020) and the Eleventh Circuit has since issued its ruling in *I Tan Tsao v. Captiva MVP Restaurant Partners, LLC*, ---F.3d.----, 2021 WL 381948 (11th Cir. 2021). *Id.* at p. 1. According to Defendant, the resolution of these appeals

---

[1] This motion remains pending.

"will provide significant—and likely dispositive—clarity as to what any individual person needs to establish for Article III standing in a data breach case in the Eleventh Circuit (*Tsao*), and what standard the approximately 650,000 individuals in the putative class in this case must satisfy when considering Plaintiffs' motion for class certification (*TransUnion*)." *Id.* at pp. 2, 4. In fact, Defendant contends that the class certification briefs will significantly depend on these cases. *Id.* at p. 18. Accordingly, Defendant believes the Court should stay this case pending issuance of the decisions in those case. *Id.* at p. 20-21.

In response, Plaintiffs argue that Defendant overstates the potential impact of *Tsao* and *TransUnion*. [Doc. 60 at p. 2]. In fact, they argue that neither decision is likely to have any dispositive impact on this case, especially in light of their Motion to Amend Class Action Complaint and because Defendant did not move for dismissal on standing grounds pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure. *Id.* at pp 2, 5. Notably, Plaintiffs point out that in *Tsao*, unlike this case, the defendant moved to dismiss the case on the basis that those injuries were insufficient to constitute injury-in-fact. *Id.* at p. 6. Additionally, they argue that the case is not at the class certification stage and neither party, nor the Court, can presume whether *TransUnion* will have any bearing on class certification issues in this case. *Id.* at p. 9. Furthermore, Plaintiffs argue that Defendant has not met its burden of any hardship or inequity warranting a stay. *Id.* at pp. 11-12. To the contrary, they contend that they will be prejudiced by an indefinite delay in this case and that their right to have this case

3

resolved expeditiously certainly outweighs Defendant's speculative interest in delaying this case in the hopes that it "may have more favorable case law to bolster [its] position at a later date." *Id.* at p. 13-14. Plaintiffs also contend that "if the Supreme Court's ruling . . . impacts any ruling in this case, that ruling can be adjusted accordingly" without necessitating a stay. *Id.* at p. 4.

In reply, Defendant points out that the Eleventh Circuit has now ruled on the standing issue in *Tsao*, and that it was evaluating whether there is still federal subject matter jurisdiction in this case considering that the rules surrounding Article III standing in data breach cases, as well as the facts, have changed since Plaintiffs initiated this case. [Doc. 73 at pp. 1-2]. Additionally, Defendant contends that the requested stay is not indefinite and is expected to expire at the end of June 2021, when the current Supreme Court term ends, by which time the Court should issue its decision in *TransUnion*. *Id.* at pp. 2-3.

## Discussion

The Court has broad discretion to stay proceedings as incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). District courts have "inherent power not governed by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Castle v. Appalachian Technical College*, 430 Fed. Appx. 840, 841 (11th Cir. 2011) (internal quotations omitted) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630

4

(1962)); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In fact, this Court recently explained that "[t]he Eleventh Circuit has approved of stays pending appellate resolution of a related case, especially where the related matter is likely to have a substantial or controlling effect on the claims and issues in the stayed case." *Ring v. City of Gulfport*, No. 8:20-CV-593-T-33CPT, 2020 WL 3895435, at *4 (M.D. Fla. July 10, 2020) (citing *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009)). A decision to stay is left to the discretion of the district court, *see Clinton,* 520 U.S. at 706, and the party seeking the stay has the burden of demonstrating why a stay should issue. *See Postel Indus., Inc. v. Abrams Grp. Constr., L.L.C.,* No. 11–cv–1179-Orl-28DAB, 2013 WL 1881560, at *4 (M.D. Fla. Mar. 29, 2013).

In this case, the request to stay is premised on forthcoming appellate decisions with respect to standing and class certification. Since the filing of the motion to stay, the Eleventh Circuit has ruled on standing in data breach cases. [Doc. 64]. As such, the request to stay is moot to the extent the stay is based on a forthcoming decision from the Eleventh Circuit. However, the Supreme Court has yet to rule on the question as to "[w]hether either Article III or Rule 23 permits a damages class action where the vast majority of the class suffered no actual injury, let alone an injury anything like what the class representative suffered." [Doc. 55-5 at p. 2].

While, as Plaintiffs point out, this case is not at the class certification stage, the Court notes that class certification deadlines are fast approaching. [Doc. 35]. Certainly, the issue before the Supreme Court bears on the Court's class certification

5

decision. Additionally, the parties would benefit significantly from the Supreme Court's ruling in litigating the issue as to whether a class can be certified and who may be included within that class. The Supreme Court is expected to rule on that issue in *TransUnion* by the end of June 2021—the end of its term. As such, the stay is not indefinite, as Plaintiffs claim, and the proposed duration weighs in favor of staying the case. Additionally, staying the case will eliminate any possibility of duplicative litigation regarding class certification as the parties will have the Supreme Court's guidance on the relevant standards and parameters governing class certification. It is well established that stays pending appellate resolution of a related case, that is likely to have a substantial or controlling effect on the claims and issues in the stayed case are approved, *Ring*, 2020 WL 3895435, at *4. This is just one of those cases where a pending appellate decision will have a substantial or controlling effect on the issues involved. Accordingly, the Court will exercise its discretion to stay this case pending the Supreme Court's decision on class certification in *TransUnion v. Ramirez*, (Supreme Court Case No. 20-297). Accordingly, it is

    **ORDERED**:

1. Defendant's Motion to Stay [Doc. 55] is **GRANTED**.
2. This case is **STAYED** until **June 30, 2021**, pending a decision from the United States Supreme Court in *TransUnion v. Ramirez.*
3. The Clerk is directed to **administratively CLOSE** this case and terminate all pending motions.

4. On or before **July 14, 2021,** the parties shall move to lift the stay and re-open the case and re-new any previously pending motions.

**DONE AND ORDERED** in Tampa, Florida on February 18, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any