## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RAY STOLL, HEIDI IMHOF, and CHASE
WHITMAN, on behalf of B.W., a minor
child, individually and on behalf of all others | Case No.: 8:20-cv-01798-CEH-AAS
similarly situated,

            Plaintiffs,

v.

MUSCULOSKELETAL INSTITUTE,
CHARTERED d/b/a FLORIDA
ORTHOPAEDIC INSTITUTE,

            Defendant.

## ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES AND COSTS AND ENTERING FINAL JUDGMENT

On May 16, 2022, this Court entered an Order Granting Plaintiffs' Unopposed

Motion to Direct Class Notice and Grant Preliminary Approval of Class Action

Settlement (the "Preliminary Approval Order"). (Doc. 98).

Pursuant to the notice requirements set forth in the Settlement Agreement and

in the Preliminary Approval Order, the Settlement Class was notified of the terms of

the proposed Settlement, of the right of members of the Settlement Class to opt-out or

object, and of the right of members of the Settlement Class to be heard at a Final

Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the

Settlement Agreement are fair, reasonable, and adequate for the release of the claims

contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Action with prejudice.

A Final Approval Hearing was held on October 14, 2022.[1] (Doc. 113). Prior to the Final Approval Hearing, on July 5, 2022, Plaintiffs filed their Unopposed Motion for Fee Award and Litigation Costs (Doc. 100) and supplemented that motion with a recent decision approving Plaintiffs' attorneys' rates. (Doc. 103). That motion was referred to Magistrate Judge Sansone who, after taking the motion under advisement and reviewing Plaintiffs' attorneys' detailed time records *in camera*, recommended granting the motion in full. On September 8, 2022, Plaintiffs filed their Unopposed Motion for Final Approval of Class Action Settlement and Attorneys' Fees and Costs. (Doc. 105). Counsel for the parties appeared via Zoom and presented argument in support of approval of the Settlement.

Having heard the presentation of Class Counsel and Defendant's counsel, having reviewed all of the submissions presented with respect to the proposed Settlement, having considered the Attorney's Fees and Costs application, and having reviewed the materials in support thereof, for the reasons stated on the record during the October 14, 2022 hearing and for good cause appearing,

**IT IS HEREBY ORDERED** that:

Plaintiffs' Motion for Final Approval of Class Action Settlement, Attorneys' Fees and Costs (Doc. 105; *see also* Docs. 100, 101, 103) is **GRANTED as stated herein**.

---

[1] The Final Approval Hearing was originally scheduled for September 29, 2022. However, Hurricane Ian necessitated rescheduling the hearing to October 14, 2022.

The Settlement, including the exhibits attached thereto, is approved as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure. This Final Approval Order and Judgment incorporates by reference the definitions in the Settlement Agreement (Doc. 93-1), and all capitalized terms used herein shall have the same meaning as set forth in the Settlement Agreement unless otherwise set forth in this Order.

1.    <u>Jurisdiction</u>: The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all parties thereto, including the Settlement Class.

2.    <u>The Settlement is Fair, Reasonable, and Adequate</u>: The Court finds that the Settlement was entered into by the parties for the purpose of settling and compromising disputed claims, and is fair, reasonable, and adequate, and in the best interests of all those affected by it. The Settlement Agreement was entered in good faith following informed, arm's length negotiations conducted by experienced counsel with the assistance of a well-respected mediator, and is non-collusive.

3.    <u>Class Certification for Settlement Purposes Only</u>: For purposes of the Settlement only, the Court finds and determines that the Action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that: (a) the Settlement Class certified herein is sufficiently numerous, as it includes approximately 647,000 people, and joinder of all such persons would be impracticable, (b) there are questions of law and fact that are common to the Settlement Class, and those questions of law and fact common to the Settlement Class predominate over any questions

affecting any individual Settlement Class Member; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, Plaintiffs and Class Counsel are adequate representatives of the Settlement Class. The proposed Class satisfies all of Rule 23's requirements, so the court will finally certify the Settlement Class. Defendant retains all rights to assert that this action may not be certified as a class action, other than for settlement purposes.

4.    <u>Class Definition</u>: The Court hereby certifies, for settlement purposes only, a Class defined as:

> All individuals identified on the Settlement Class List, including all individuals residing in the United States who were sent notification by Defendant that their Personal Information was or may have been compromised in the Data Security Incident initially disclosed by Defendant in or about June 2020.

Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, management companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; (3) Settlement Class Members who submitted a valid Request for Exclusion prior to the Opt-Out Deadline.

5.    <u>Class Notice</u>: The approved Notice Program provided for a copy of the Notice to be e-mailed to all members of the Class who have been identified by

Defendant through their records with an e-mail address, and via U.S. mail whose personal e-mail addresses were not available within Defendant's records. For undeliverable e-mails the Settlement Administrator directed notice via U.S. mail. For postcards returned with a forwarding address, the Settlement Administrator mailed Notices to the forwarding addresses. For postcards returned as undeliverable, the administrator conducted address verification searches, obtained updated addresses, and mailed Notices to the updated addresses. The Settlement Administrator maintained the Settlement Website, which provided information about the Settlement; including copies of relevant Court documents, the Settlement Agreement, the Long Form Notice, and the Claim Form, and permitted class members to file claim forms electronically. The Settlement Administrator also employed internet sponsored search listings to bolster the prominence of the Settlement Website.

6.    <u>Findings Concerning Notice</u>: The Court finds and determines that the Notice Program, preliminarily approved on May 16, 2022, and implemented on June 15, 2022, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Notice Program involved direct notice via e-mail and postal mail providing details of the Settlement, including the benefits available, how to exclude or object to the Settlement, when the Final Fairness Hearing would be held, and how to inquire further about details of the Settlement. The Court further finds that all of the notices

are written in plain language and are readily understandable by Class Members. The Court further finds that notice has been provided to the appropriate state and federal officials in accordance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, drawing no objections.

7.    Appointment of Class Representatives: The Court appoints Plaintiffs Ray Stoll, Heidi Imhof, and Chase Whitman as Class Representatives of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a).

8.    Appointment of Class Counsel: The Court appoints Plaintiffs' attorneys John A. Yanchunis, Ryan J. McGee, Patrick A. Barthle, William Peerce Howard, and Amanda J. Allen as Settlement Class Counsel.

9.    Exclusion from Class: Any person falling within the definition of the Class had the opportunity, upon request, to be excluded or "opt out" from the Class. The persons who opted to be excluded from the Settlement, (Doc. 112 at 10–11), shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or any final judgment entered in this Action.

10.    Objections and Appearances: Any Class Member had the opportunity to enter an appearance in the Action, individually or through counsel of their own choice. Any Class Member also had the opportunity to object to the Settlement and the Fee Award and Litigation Costs, or to appear at the Fairness Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered thereon, why the Settlement

should not be approved, or why the Fee Award and Litigation Costs should not be granted, as set forth in the Court's May 16, 2022 Order Granting Preliminary Approval of Class Action Settlement. There were no objections to either the Settlement or the Fee Award and Litigation Costs filed in this case. Any Class Member who did not make their objections in the manner and by the date set forth in ¶ 11 of the Court's May 16, 2022 Order Granting Preliminary Approval of Class Action Settlement Order shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

11.    <u>Release</u>: Upon the entry of this Order, the Class Representatives and all Class Members, whether or not they have filed a Claim Form within the time provided, shall be permanently enjoined and barred from asserting any claims (except through the Claim Form procedures) against Defendant and the Released Parties arising from the Released Claims, and the Class Representatives and all Class Members conclusively shall be deemed to have fully, finally, and forever released any and all such Released Claims.

12.    <u>Attorneys' Fees and Costs</u>: Class Counsel moved for their Fee Award and Litigation Costs on July 5, 2022, which Defendant did not oppose. (Doc. 100). Class Counsel requested $1,333,333.00 in attorneys' fees and $17,307.21 in litigation costs. The motion was referred to Magistrate Judge Sansone, who took the matter under advisement and authored a Report and Recommendation that Class Counsel's Fee Award and Litigation Costs be granted, approving $1,333,333.00 in attorney's fees

and $17,307.21 in litigation costs. (Doc. 104). The Court has considered Class Counsel's Motion for Fee Award and Litigation Costs along with the declarations submitted therewith setting forth their time and expenses incurred in this litigation, and agrees with the Report and Recommendation from Magistrate Judge Sansone. The Report and Recommendation has been adopted by the Court. The Court finds that Class Counsel's request for attorneys' fees and costs is fair and reasonable, particularly in light of the results achieved through this litigation as well as the contingent nature of the fee award. Accordingly, Class Counsel are awarded attorneys' fees in the amount of $1,333,333.00 and litigation costs in the amount of $17,307.21. These amounts shall be paid out of the Settlement Fund in accordance with the terms of the Settlement.

13.    <u>Service Awards</u>: Because the Eleventh Circuit has prohibited service awards, *see Johnson v. NPAS Solutions, LLC.*, 975 F. 3d (11th Cir. 2020), the Court will follow Eleventh Circuit law and will not order the payment of service awards to the Class Representatives.

14.    <u>Payment to Class Members</u>: Defendant shall pay the balance of the $4,000,000 to fully fund the Settlement Fund, and the Settlement Administrator shall make all required payments in accordance with the amounts and the times set forth in the Settlement Agreement, including all payments to Settlement Class Members who submit an Approved Claim, to Pango for the Identity Theft Protection Services, for the attorneys' fees and costs, and for all settlement administration costs.

15.    <u>Funds Held by Settlement Administrator</u>: All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement or further order of the Court.

16.    <u>Dismissal with Prejudice</u>: The above-captioned Action is hereby **DISMISSED WITH PREJUDICE**. Except as otherwise provided in this Final Approval Order and Judgment, the parties shall bear their own costs and attorneys' fees. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement for one year. Once the Settlement has been funded, counsel for the parties shall file a joint notice notifying the Court of the same.

17.    Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Attorneys' Fees and Costs (Doc. 105; *see also* Docs. 100, 101, 103) is **GRANTED**.

18.    The Clerk is directed to **CLOSE THIS CASE** and **TERMINATE** any pending motions as **MOOT**.

**DONE AND ORDERED** this 14th day of November 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
*Counsel of record*